IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Roger D. Butler, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 3:06-cv-23 |
| | ) | |
| Leann Bertsch and Donald Redmann, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Roger D. Butler's [hereinafter "plaintiff" or "Butler"] complaint is before the court for initial review under 28 U.S.C. § 1915A. Butler submitted a complaint and application to proceed *in forma pauperis* (IFP). This court previously granted Butler's motion to proceed IFP (Doc. #3). Plaintiff is currently incarcerated at the James River Correctional Center ("JRCC"). He alleges that Leann Bertsch, Director of the North Dakota Department of Corrections and Rehabilitation (NDDOCR), and Don Redmann, Warden of the JRCC, have failed to reasonably accommodate the exercise of plaintiff's Jewish Orthodox religion in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc, et seq (Religious Land Use and Institutionalized Persons Act).

In his complaint, plaintiff states several specific allegations. First, he alleges he has been prohibited from wearing a yarmulka or other acceptable headgear except when attending religious services. Plaintiff states that other inmates are permitted to wear non-religious headgear at anytime. Second, plaintiff asserts his weekly Sabbath worship is often disrupted by prison staff; he has difficulty obtaining necessary food items for the service; and adequate conference space is often not reserved for the service. Plaintiff states he requested a Menorah

and candles from the in-house chaplain for the celebration of Chanukkah and was provided with only a potato and birthday candles.  Plaintiff also alleges that he has difficulty maintaining a proper kosher diet as required by his religion because JRCC provides only a few kosher items, which are often not "properly coordinated," and only a few kosher food items are available for purchase through the commissary.

Plaintiff seeks an order directing defendants and their employees to reasonably accommodate his exercise of his religion while incarcerated, specifically addressing the above issues.  His complaint also asks for an award of costs and attorney's fees.

Federal courts must review all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The complaint must be dismissed if it or any portion of it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Furthermore, "no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Butler states that he has submitted grievances to his case manager, defendant Redmann, and defendant Bertsch–all of which were denied.  Thus, unless evidence to the contrary becomes available, plaintiff has sufficiently exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

To establish a civil action for deprivation of rights under 42 U.S.C. § 1983, plaintiff must allege that defendants deprived him of a constitutional right and that defendants were acting

under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Because of the nature of the complaint, plaintiff must also establish the existence of a sincerely held religious belief, and that the challenged regulation or conduct infringes upon that belief. Iron Eyes v. Henry, 907 F.2d 810, 813 (8th Cir. 1990). Furthermore, it is important to note that "[a]lthough prisoners retain their constitutional rights, limitations may be placed on the exercise of those rights in light of the needs of the penal system." Murphy v. Missouri Dept. of Corrections, 372 F.3d 979, 982 (8th Cir. 2004). Therefore, a prison regulation or action is valid even if it restricts a prisoner's constitutional rights if it is "reasonably related to legitimate penological interests." Id.; see also Rouse v. Benson, 193 F.3d 936, 942 (8th Cir.1999).

Here, plaintiff meets the deprivation of a constitutional right requirement by alleging that defendants failed to reasonably accommodate his exercise of religion in violation of the First Amendment by limiting his use of religious headgear, failing to provide adequate facilities and materials, and not accommodating his religious dietary needs. See Cruz v. Beto, 405 U.S. 319, 322 (1972) (holding that right to free exercise of religion is guaranteed by the First Amendment and prisoner's denial of reasonable opportunity to pursue faith comparable to the opportunity afforded fellow prisoners, including the use of chapel facilities for the purpose of holding Buddhist religious services, could be in violation of this right); Love v. Reed, 216 F.3d 682, 689 (8th Cir. 2000) (similar holding addressing prison's failure to provide prisoner's requested dietary accommodations for religion). Therefore, the plaintiff meets the deprivation of a Constitutional right requirement.

Butler has named two state prison officials employed at the DOCR and JRCC as defendants in this case. The court is satisfied that plaintiff has met the second requirement of alleging defendants were acting under color of state law. The court also notes that Butler does

not seek a monetary remedy.  Therefore, the court will not discuss immunity issues at this time.

See, e.g., Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

In addition to the above requirements for a 42 U.S.C. § 1983 complaint, plaintiff must also establish the existence of a sincerely held religious belief and that the challenged regulation or conduct infringes upon that belief.  Iron Eyes, 907 F.2d at 813.  Here plaintiff appears to have established a sincere religious belief that has been infringed upon in some way by the defendants' conduct.  Butler states he is Jewish and practices the Jewish Orthodox faith.  He states several specific allegations of infringement upon his beliefs.  However, the court may revisit this determination as more information regarding plaintiff's past and present religious practices becomes available  See, e.g., Murphy, 372 F.3d at 982 (stating that finding whether a religious belief is sincere or not is a factual determination and a court should not quickly dismiss such claims by concluding the belief is not genuine on a summary judgment motion).   At this point in time, it appears plaintiff has sufficiently alleged a sincere religious belief that has been infringed upon in some way by defendants' conduct.

Plaintiff also raises a statutory claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq.  A court reviews RLUIPA claims under a different standard than a constitutional claim under 42 U.S.C. § 1983.  "RLUIPA was enacted in 2000 and contains language similar to that contained in the Religious Freedom Restoration Act of 1993 (RFRA) . . . but narrows the scope of the act by limiting it to laws and regulations concerning institutionalized persons or land use."  Murphy, 372 F.3d at 987. Under RLUIPA:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that

compelling governmental interest.

42 U.S.C. § 2000cc-1(a).  As a threshold matter, plaintiff must show "that there is a substantial burden on his ability to exercise his religion." Murphy, 372 F.3d at 988 (citing 42 U.S.C. § 2000cc-2(b)).  Butler has sufficiently represented in his complaint that he has experienced allegedly unnecessary restrictions on his practice of the Jewish Orthodox faith.  At this point in time, he sufficiently meets the "substantial burden" requirement to move forward on his RLUIPA claim. The existence of this "substantial burden" may be challenged if evidence to the contrary becomes available.  Furthermore, should plaintiff indeed establish a substantial burden, the government may still prevail if it can show the restrictions and conduct were in furtherance of a compelling interest and were the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1(a).

For the foregoing reasons, the Clerk's Office is **ORDERED** to file the complaint and serve defendants, Leann Bertsch and Don Redmann, with a copy of Butler's complaint.  Upon service, the defendants should file an answer or other proper response within sixty days.

Dated this 12th day of September 2006.

Karen K. Klein
United States Magistrate Judge