IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Roger D. Butler, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER ON MOTION FOR** |
| vs. | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Leann Bertsch and Don Redmann, | ) | Civil No. 3:06-cv-23 |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Motion for Summary Judgment, which was filed on October 27, 2006 (Doc. #11). Plaintiff opposed Defendants' motion in a response filed on July 11, 2007 (Doc. #20). Plaintiff's response is timely in light of two orders granting Plaintiff a continuance of time to respond (Docs. #17, #19). Defendants filed a reply brief on July 19, 2007 (Doc. #21). The Court has carefully considered the parties' briefs and now issues this memorandum opinion and order, which encompasses all issues raised in the motion and response.

## SUMMARY OF DECISION

As to Plaintiff's claims regarding Sabbath worship and kosher diet, the Court finds that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). Therefore, as to those claims, the Motion for Summary Judgment is GRANTED. However, because Plaintiff has exhausted his administrative remedies on the claim relating to religious headgear, the Motion for Summary Judgment as to that claim is DENIED.

1

## **BACKGROUND**

On February 14, 2006, Plaintiff Roger D. Butler filed a Complaint in the above-styled action (Doc. #4). After conducting an initial substantive review of Plaintiff's claims as required by 28 U.S.C. § 1915A, the Court ordered the Clerk's Office to file the complaint and serve Defendants (Doc. #6). Defendants filed a timely Answer (Doc. #10).

The complaint names as defendants Leann Bertsch, the Director of the North Dakota Department of Corrections and Rehabilitation ("DOCR"), and Don Redmann, the Warden of the James River Correctional Center ("JRCC"). Compl. ¶¶ 4-5. In the complaint, Plaintiff generally alleges that he is an inmate at JRCC, that he is Jewish, and that he practices the Jewish Orthodox faith. Id. ¶¶ 7, 10. Plaintiff claims that in order to practice the Jewish Orthodox faith, "[he] must wear a yamulka [sic] or other acceptable headgear except when bathing or sleeping, observe the Sabbath every Friday evening, and consume kosher food items." Id. ¶ 11.

Plaintiff's complaint therefore presents three distinct claims: first, that he has been prohibited from wearing a yarmulka or other religious headgear except when attending religious services, id. ¶ 12; second, that his ability to conduct Sabbath worship services has been impaired by disruptions from employees and lack of adequate time, room space, and supplies, id. ¶¶ 13, 16; and third, that he has had difficulty maintaining a proper kosher diet. Id. ¶¶ 14-15. Plaintiff asserts that Defendants have unreasonably restricted his exercise of religion in violation of the First Amendment of the United States Constitution and 42 U.S.C. § 2000cc-1(a). Id. ¶¶ 18-19. He seeks injunctive relief from the Court to remedy these alleged violations.

Defendants have moved for summary judgment, arguing that two of Plaintiff's claims were not administratively exhausted as required by 42 U.S.C. § 1997e(a).

**DISCUSSION**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The burden is on the moving party to establish the basis for its motion. Donovan v. Harrah's Md. Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002). It is axiomatic that the evidence is viewed in a light most favorable to the nonmoving party, and the nonmoving party enjoys the benefit of all reasonable inferences to be drawn from the facts. See, e.g., Vacca v. Viacom Broad. of Mo., Inc., 875 F.2d 1337, 1339 (8th Cir. 1989) (quotations omitted). If the moving party shows that there are no genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue for trial. Donovan, 298 F.3d at 529.

A fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The basic inquiry is whether the evidence presents a sufficient disagreement to require full consideration on the merits by a jury or whether it is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., 418 F.3d 820, 832 (8th Cir. 2005).

When the unresolved issues in a case are primarily legal rather than factual, summary judgment is particularly appropriate. Mansker v. TMG Life Ins. Co., 54 F.3d 1322, 1326 (8th Cir. 1995). However, although summary judgment may be an appropriate and useful tool to avoid useless and time-consuming trials, "[it] should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy." Vacca, 875 F.2d at 1339 (citations omitted).

3

In this case, Defendants argue that summary judgment should be granted as to Plaintiff's claims regarding Sabbath worship and kosher diet because he failed to exhaust his administrative remedies in accordance with established DOCR policies. Thus, in order to determine whether summary judgment is appropriate, the Court must examine both the DOCR's grievance procedure and the grievances actually filed by Plaintiff.

### A. An Overview of the DOCR Grievance Procedure

The DOCR issues an Inmate Handbook to each inmate confined in its prisons, including the JRCC (Doc. #14-2). The Inmate Handbook provides that an inmate must follow certain procedures to file a grievance. Jensen Aff. Ex. 1 at ¶¶ 1-8. An inmate must initially attempt to resolve the grievance informally by discussing his complaint with the individual who is the subject of the grievance, the inmate's case manager, or the department head. Id. ¶ 3. If the inmate is dissatisfied with the attempt at informal resolution, he may file a "Step One grievance" within fifteen days of the alleged incident. Id. ¶ 4. The Step One grievance is assigned to the inmate's case manager or supervisor, who investigates the grievance and responds to the inmate. Id. ¶ 5. If the inmate is dissatisfied with the Step One response, the inmate may file a "Step Two grievance," which is reviewed by the warden. Id. ¶ 6. If the inmate is dissatisfied with the Step Two response from the warden, he may file an appeal to the Director of Corrections and Rehabilitation. Id. ¶ 7. The inmate's administrative remedies are exhausted once he receives a response regarding the grievance from the DOCR Director.

### B. Whether Plaintiff's Claims Have Been Exhausted

It should be noted that the status of the law in this area has changed substantially since the Defendants first moved for summary judgment. On January 22, 2007, the United States

Supreme Court issued an opinion in Jones v. Bock, 127 S. Ct. 910 (2007).  In Jones, the Court addressed a conflict among the lower courts regarding the procedural rules for administrative exhaustion under the PLRA.  Id. at 914.  The Court reiterated the well-established principle "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  Id. at 918-19.  However, the Court held that it is improper to dismiss the entire action if the prisoner has not exhausted any one claim.  Id. at 914, 923-26.  Rather, the PLRA only requires the dismissal of the unexhausted claims, and the rest of the action should proceed.  Id. at 923-24.

Here, it is undisputed that Plaintiff has fully exhausted his administrative remedies on the claim involving religious headgear.  See Defs.' Reply to Resp. to Mot. for Summ. J. 3-4.  DOCR records show that Plaintiff filed a Step One grievance (Doc. #14-5), a Step Two grievance (Doc. #14-6), and an Appeal to the Director of DOCR (Doc. #14-7) regarding his desire to wear a yarmulka throughout the JRCC.  Therefore, this claim should not be dismissed.

However, Plaintiff does not deny that he has failed to exhaust the claims involving interference with Sabbath observance or failure to provide kosher foods.  Pl.'s Resp. to Mot. for Summ. J. ¶¶ 1, 8.  Instead, Plaintiff states that he followed the grievance procedure "to the letter concerning the main issue of the complaint, the wearing of the yamulka [sic]," and the other claims were "brought forward in the complaint to deminstrate [sic] the difficulties encountered by Jewish persons" at the JRCC.  Id.  According to DOCR records, Plaintiff filed only a Step One grievance regarding Sabbath observance (Doc. #14-9), and two separate Step One grievances regarding kosher diet (Docs. #14-3, #14-10).  As to these two claims, it is

5

uncontroverted that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  Therefore, these claims must be dismissed.

### ORDER

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** as to the claims involving Sabbath observance and kosher diet and **DENIED** as to the claim involving religious headgear.

Dated this 20th day of September, 2007.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court